FENNEMORE CRAIG, P.C.
Ray K. Harris (No. 007408)
3003 North Central Avenue
Suite 2600
Phoenix, AZ  85012-2913
Telephone:  (602) 916-5000
Email:  rharris@fclaw.com

Attorneys for Defendant
Stinger Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Taser International, Inc., | No. CV-07-0042-PHX-DGC |
| Plaintiff, | **ANSWER AND JURY DEMAND** |
| v. | |
| Stinger Systems, Inc., | |
| Defendant. | |

Defendant Stinger Systems, Inc. answers the Complaint as follows:

### JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Denied.

4. Denied.

### PARTIES

5. Admitted.

6. Admitted.

7. Denied.

### NATURE OF THE DISPUTE

8. Admitted.

9. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 9, and on this basis, denies each and every allegation.

10. Admitted.

11. Admitted.

12. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 12, and on this basis, denies each and every allegation.

13. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 13, and on this basis, denies each and every allegation.

14. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 14, and on this basis, denies each and every allegation.

15. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 9, and on this basis, denies each and every allegation.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 9, and on this basis, denies each and every allegation.

22. Admitted.

23. Defendant admits that the quoted words appear on its website. Defendant denies each and every other allegations.

24. Admitted.

25. Admitted.

26. Admitted.

27. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 27, and on this basis, denies each and every allegation.

28. Denied.

29. Denied.

30. Admitted.

31. Denied.

32. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 32, and on this basis, denies each and every allegation.

33. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 33, and on this basis, denies each and every allegation.

34. Denied.

35. Denied.

36. Admitted.

**Count One – Infringement of the '762 Patent**

37. Defendant realleges and incorporates by reference the admissions, allegations and denials in paragraphs 1 through 36 above.

38. Denied.

1  39. Denied.

2  40. Denied.

3  41. Denied.

4  42. Denied.

5  43. Denied.

6  44. Denied.

**Count Two – False Advertising Under 15 U.S.C. § 1125(a)**

45. Defendant realleges and incorporates by reference the admissions, allegations and denials in paragraphs 1 through 44 above.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

**Count Three – False Advertising Under 15 U.S.C. § 1125(a)**

**For Statements Made by Agent**

51. Defendant realleges and incorporates by reference the admissions, allegations and denials in paragraphs 1 through 50 abive.

52. Denied.

53. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 53, and on this basis, denies each and every allegation.

54. Denied.

55. Denied.

56. Denied.

57. Defendant lacks sufficient knowledge or information to form a belief

regarding the allegations of paragraph 57, and on this basis, denies each and every allegation.

58. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 58, and on this basis, denies each and every allegation.

59. Defendant lacks sufficient information or belief to admit or deny the allegation that the quoted words appear on the ATT website alleged, and on this basis, denies each and every such allegation. Defendant denies that the quoted statements are false.

60. Defendant lacks sufficient information or belief to admit or deny the allegation that the quoted words appear on the ATT website alleged, and on this basis, denies each and every such allegation. Defendant denies that the quoted statements are false.

61. Defendant lacks sufficient information or belief to admit or deny the allegation that the quoted words appear on the ATT website alleged, and on this basis, denies each and every such allegation. Defendant denies that the statements falsely imply anything about the TASER devices.

62. Defendant lacks sufficient information or belief to admit or deny the allegation, and on this basis, denies each and every allegation.

63. Defendant lacks sufficient information or belief to admit or deny the allegation, and on this basis, denies each and every allegation.

64. Defendant lacks sufficient information or belief to admit or deny the allegation, and on this basis, denies each and every allegation.

65. Denied.

66. Defendant lacks sufficient information or belief to admit or deny the allegation, and on this basis, denies each and every allegation.

67. Denied.

**Count Four – Patent Marking**

68. Defendant realleges and incorporates by reference the admissions, allegations and denials in paragraphs 1 through 67 above.

69. Admitted.

70. Denied.

71. Denied.

72. Defendant admits that the statute allows any person to sue and the statutory division of recovery. Defendant admits that TASER does not know the number of times that or whether an act of false marking has occurred. Defendant denies that it has ever falsely marked. Defendant denies that TASER will ascertain information or assert damages according to proof.

**Count Five – Punitive Damages**

73. Defendant realleges and incorporates by reference the admissions, allegations and denials in Responses 1 through 72, inclusive, of its Answer.

74. Denied.

75. Denied.

76. Defendant denies each and every allegation not expressly admitted herein.

**II. AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, the doctrine of patent misuse prevents the Plaintiff from enforcing U.S. Patent No. 7,145,762.

2. As a second affirmative defense, the provisions of 35 U.S.C. § 287, the patent marking statute, apply to limit Plaintiff's right to recover patent infringement damages.

3. As a third affirmative defense, Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations.

4. As a fourth affirmative defense, Plaintiff's causes of action are barred in whole or in part by laches, waiver and/or estoppel.

5. As a fifth affirmative defense, Defendant alleges that Plaintiff has no standing to raise all or some of the claims set forth in the complaint.

6. As a sixth affirmative defense, all or some of Plaintiff's claims are barred by the doctrine of unclean hands.

7. As a seventh affirmative defense, if Plaintiff sustained damages, which Defendant denies, those damages were caused in whole or in part by Plaintiff's own tortuous and actionable conduct, and Plaintiff should be estopped from asserting any claim for damages.

8. As an eighth affirmative defense, if Plaintiff sustained damages, which Defendant denies, those damages were caused in whole or in part by Plaintiff's own acts. Omissions, faults, negligence and/or malfeasance.

9. As a ninth affirmative defense, U.S. Patent 7,145,762 is unenforceable due to inequitable conduct of the inventor, his attorney or others involved in the preparation and/or prosecution of the said patent before the U.S. Patent Office.

10. As a tenth affirmative defense, admissions or representations made by the inventor or his attorney during proceedings before the U.S. Patent Office estop Plaintiff from asserting a claims construction covering the accused product.

### III. PRAYER

Defendant Stinger Systems, Inc. requests that the Court:

A. Enter a judgment dismissing Plaintiff's claim.

B. Enter a judgment holding U.S. Patent 7,145,762 invalid, unenforceable and not infringed.

C. Invalidate U.S. Patent 7,145,762 for misuse.

D. Find that this is an exceptional case under 35 U.S.C. § 285 and enter an

order directing Plaintiff Taser to pay Defendant Stinger its reasonable attorney's fees.

E. For such further and other relief as the Court deems just and proper.

### Request for Markman Hearing

Defendant and Counterclaimant Stinger asks the Court to schedule a Markman Hearing for claim construction in this case.

### Jury Demand

Defendant Stinger demands all issues that are triable by a jury so decided in this case.

DATED this 8th day of February, 2007.

FENNEMORE CRAIG, P.C.


By *s/Ray K. Harris*
Ray K. Harris
Attorneys for Defendant
Stinger Systems, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

William R Bachand:  wbachand@TASER.com,legal@TASER.com,IP@TASER.com

Holly Lynn Gibeaut:  hgibeaut@TASER.com,kwelz@TASER.com,law@TASER.com

Taser International Inc.:  hgibeaut@TASER.com

*s/Melody Tolliver*