IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| TASER International, Inc., | ) | No.  07-42-PHX-MHM |
| Plaintiff, | ) | |
| | ) | **FINAL INJUNCTION** |
| vs. | ) | |
| | ) | |
| Stinger Systems, Inc., | ) | |
| Defendant. | ) | |
| | ) | |

Having considered the parties' Stipulation for the Entry of (1) Final Injunction; (2) Final Adjudication and Order of Dismissal; and (3) Final Judgment, (Doc. 256), and good cause appearing therefor, the Court issues the following Final Injunction under Fed. R. Civ. P. 65 and 35 U.S.C. § 283. Under Fed. R. Civ. P. 65(d)(1)(A), the following are the reasons why the Court is issuing this Injunction:

A. TASER International, Inc. ("TASER") is the owner of all right, title, and interest in United States Patent No. 6,999,295 ("the '295 patent"), which issued on February 14, 2006, and which will expire on February 11, 2023.

B. By order dated March 31, 2010, the Court found that, as a matter of law, the S-200 Electronic Control Device ("ECD") manufactured and sold by Stinger Systems, Inc. ("Stinger") literally infringes claims 2 and 40 of the '295 patent. (Doc. 211). In that same order, the Court found that Stinger was not entitled to summary judgment that any claim of the '295 patent is invalid or unenforceable. (Id.)

1     C.    Stinger is currently the subject of an Assignment for the Benefit of Creditors ("ABC") proceeding in Florida State Court pursuant to which Stinger has assigned its assets to Larry S. Hyman ("the Assignee"), who has the authority to operate Stinger for a limited time, liquidate Stinger's assets, and distribute any proceeds of such liquidation to Stinger's creditors.  In re Assignment for the Benefit of Creditors of Stinger Systems, Inc., Case No. 10-014854, 13th Judicial Circuit in and for Hillsborough County, Florida, Civil Division (the "ABC Action").  (See Doc. 245).

    D.    On July 29, 2010, the Assignee filed the Assignee's Motion for Authority to Continue Business Operations of the Assignor for a Limited Period of 90 Days in the ABC action.  This motion states that "the business will be operated in the ordinary course of business and the status quo is to be maintained."

    E.    Stinger has represented that it no longer sells the S-200 ECD and that the Assignee intends to sell Stinger's assets if a buyer for Stinger's business cannot be located by October 1, 2010.

    F.    The parties, each of whom is represented by counsel, have stipulated to the entry of this injunction.

**Accordingly,**

**IT IS HEREBY ORDERED**

1.    Stinger, together with its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Injunction, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65, from making, using, offering to sell, or selling in or from the United States, or importing into the United States, the S-200 ECDs, either alone or in combination with any other product, and all other products that are only colorably different from the S-200 ECDs in the context of claims 2 or 40 of the '295 patent, whether individually or in combination with other products or as part of another product, and from otherwise infringing, contributing to the infringement of, or inducing others to infringe claims 2 or 40 of the '295 patent.

1     2.    Stinger, together with its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Injunction, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65, from supplying or causing to be supplied from the United States a substantial portion of the components needed to make, or any components that are especially made or especially adapted for use in, the S-200 ECDs or any other product that is only colorably different from the S-200 ECDs in the context of claims 2 or 40 of the '295 patent.

    3.    Within 30 days from the entry of this Final Injunction, Stinger shall send written notice of this Final Injunction to each of the following:

        I.    The Assignee in the above ABC Action;

        ii.    Each person or entity listed in the following sections of the Schedule A-Creditor List filed with the petition commencing the ABC Action: section 1 entitled "List all creditors showing"; section 4 entitled "Secured Creditors"; section 6 entitled "List all unsecured claims showing"; and section 7 entitled "List of all Owners or Shareholders showing."  A copy of the foregoing Schedule A-Creditor List is attached and incorporated as Exhibit 1 to this Final Injunction;

        iii.    The employees, officers, and directors of Stinger as of July 1, 2010;

        iv.    To the extent not included above, each authorized distributor, each authorized dealer, each authorized reseller, each authorized sales representative, and each certified S-200 instructor as of July 1, 2010.

    4.    This Final Injunction does not require Stinger to attempt to recall S-200 ECD products from purchasers who bought such products prior to the entry of this Final Injunction ("Prior Purchasers").  This Final Injunction does not address what such Prior Purchasers may or may not do with S-200 ECD products purchased prior to the entry of this Final Injunction. Nor does this Final Injunction address or resolve any claims that TASER may have for infringement of the '295 patent based on any Prior Purchaser's continued use of S-200 ECD products purchased prior to the entry of this Final Injunction or any defenses that any such

1  Prior Purchaser may have to such claims by TASER.
2      5.   This Final Injunction shall run until the expiration of the '295 patent.
3      6.   The Court shall retain jurisdiction over Stinger to enforce any and all aspects
4  of this Injunction.
5      DATED this 27th day of August, 2010.

_____
Mary H. Murguia
United States District Judge

- 4 -